374 P.2d 314

**WESTERN MACHINERY COMPANY, a corporation, Plaintiff and Appellant,**

v.

**H. K. RIDDLE and E. J. Mayhew, Defendants, Respondents and Cross-Appellants.**

No. 9611.

Supreme Court of Utah.

Aug. 30, 1962.

---

3. Prosser, Torts, Sec. 42 at 204–05 (2d ed. 1955).

Critchlow, Watson & Warnock, Salt Lake City, for appellant.

Moyle & Moyle, Hardin A. Whitney, Jr., Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment in favor of plaintiff, urging inadequacy of damages awarded. Remanded, with instructions. No costs awarded.

Plaintiff and defendant executed a "Rental Agreement" calling for a 24-month lease of heavy equipment to the latter, on a standard printed lease, with some deletions and some additions. One of the additions,—

typewritten,—said that on final payment, a bill of sale would be issued to the "lessee." Otherwise, provisions called for title retention, that the agreement was not to be construed as a conditional sale, that in default in performance, the "lessor" could repossess, charging the cost thereof to the "lessee" together with attorney's fees, etc. But for the added portion, the document doubtless was a lease and not a conditional sale. The trial court held it was a lease, but we need not decide that question.

The monthly payments were $511, or $12,264 for the life of the contract. The "lessee" used the equipment for 17 months, paying but $1,000 on the contract, when the "lessor" repossessed and sued for the amount then due, based on a rental agreement theory. Defendant denied everything, and contended that the agreement was a conditional sale, and being such, plaintiff had misconceived its action and was entitled to nothing. There was no claim by defendant of any setoff on account of a post-repossession sale of the equipment by the plaintiff.

The pleadings were brief, but the pretrial order established the issue as one of "breach of a contract," wherein the plaintiff "bases his claim upon the difference between 17 months rental * * * and the payments made * * * in the meantime," involving the question "what is the proper measure of damages?"

The lower court found that after deducting the $1,000 paid, there were $7,176 due under the contract, that plaintiff had incurred $1,022.52 repossession and repair costs, and $500 attorney's fees, (aggregating $8,698.52 damages) and had resold the equipment for $6,400. The court then deducted the $6,400 from the damages found on the basis that "equity" compelled it so to conclude. Here we think the court was in error.

Had the 24 months elapsed, plaintiff could have sued for the entire amount of the contract, or $12,264, less the $1,000 paid, less mitigating items of damage. It could have sued for each month's payment as it became delinquent. It chose to sue after the 17th installment was not paid, and it claimed nothing for the seven monthly installments yet called for, obviously choosing to take back the machinery, in lieu thereof. Repossession was provided for in the contract.

The error of the trial court was its deduction of $6,400 from accrued damages. Under such a conclusion, the error would reflect an odd result where, for example, had the plaintiff sued for $6,154 upon failure by defendant to make the 14th payment, which then would have been due after the $1,000 paid, the defendant would have used the machine for 17 months, gratis, while plaintiff would lose the equipment in toto, valued at $12,264 under the contract.

Call the contract a "lease" or a "conditional sales contract," the fact is that after the 17th monthly installment became delinquent, plaintiff was entitled to $8,687 less $1,000 paid, or $7,687. It was entitled to repossess at that juncture, under the specific terms of the contract. The trial court concluded that the contract was a "rental" agreement, but in deducting the $6,400, treated it as a "conditional sales" agreement, where a deficiency would be set off by the proceeds of a post-repossession sale.

Defendant's position simply is that because plaintiff urged that there was a "rental" agreement, it is without a remedy, since it was a "conditional sale." This contention loses sight of the fact that the plaintiff could sue for past due installments whether it was either one or the other. Defendant did not claim any setoff. Had he done so by way of counterclaim or otherwise, he would have claimed the advantages thereof, which would have included a demand for setoff against a deficiency. Obviously such claim would require a setoff against the agreed purchase price of $12,264, not damages suffered. This would seem to point up the error of the trial court's gratuitous approach, and its inconsistency in concluding that the agreement was a "lease," but that the damages were measurable under a normal "conditional sales" situation.

It seems inescapable to us, that under the pleadings, pretrial order and proof in this particular case, the plaintiff was entitled to past due installments, irrespective of any label attached to the instrument, or any

urgency as to what it was as a matter of law. Any question of deficiency, setoff or mitigation of damages, is not before us by affirmative defense, counterclaim or otherwise. It appears to us that plaintiff would be entitled under the record before us, to a judgment for 17 installments at $511 each, less $1,000 paid, plus interest on unpaid amounts, plus $500 attorney's fees. We remand with instructions to enter judgment accordingly.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in result.